# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES JOLSON DEES,<br><br>                Plaintiff,<br>v.<br><br>MARK F. CLEMENTS, NURSE HOBAN, DONNA FONTANA, BETH DITTMANN, JOANNE BOVEE, WARDEN PAUL KEMPER, CAPTAIN CHAPMAN, DEPUTY WARDEN JOHNSON, SECURITY DIRECTOR ALDANA, SGT. PIECH, SGT. HAGERTY, OFFICER AKER, K. VASQUEZ, K. SCHULTZ, M. REDD, A. HILTANEN, B. LABELLE, B. HOMPE, CATHY JESS, and SGT. M. GREEN,<br><br>                Defendants. | Case No. 18-CV-54-JPS<br><br><br><br><br><br>**ORDER** |

      Plaintiff, who is incarcerated at the Drug Abuse Correctional Center in Winnebago, Wisconsin, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). At the Court's direction, *see* (Docket #9), he has filed an Amended Complaint, (Docket #10). The Court now turns to screening that complaint. All of the standards applicable to screening announced in the Court's original screening order apply here. (Docket #9 at 1–3).

      Plaintiff's Amended Complaint provides much more detailed allegations than his original pleading. As before, Plaintiff alleges that he has a prosthetic leg and had special shoes meant to be worn with it. (Docket #10

at 1). On January 20, 2016, Plaintiff was transferred to Dodge Correctional Institution ("Dodge"). *Id.* During the intake process, Plaintiff met with Defendant Nurse Hoban ("Hoban"). *Id.* She said that Plaintiff was not allowed to have his special shoes and took them away. *Id.* at 2. Hoban gave him standard issue inmate shoes instead. *Id.* Plaintiff complained that these were uncomfortable and made walking more difficult, but Hoban was unmoved. *Id.* Hoban said she would store Plaintiff's special shoes for him, but when he arrived at a new institution two months later, the shoes were not with the rest of his property. *Id.* Plaintiff was eventually reimbursed for the cost of the shoes. *Id.*

Plaintiff further alleges that the lack of his special shoes caused various injuries. *Id.* at 3. An unidentified doctor told him that the injuries were caused by Hoban's refusal to let Plaintiff keep the special shoes. *Id.* In October 2016, after complaining to the Department of Corrections, Plaintiff was provided a new pair of special shoes. *Id.* Plaintiff also filed an inmate grievance regarding his shoes being taken and his injuries. *Id.* The grievance, which Plaintiff says went through Defendants M. Green, Beth Dittmann, B. Hompe, Joanne Bovee, B. LaBelle, and Cathy Jess (collectively, the "Grievance Defendants"), was apparently rejected. *Id.* Finally, Plaintiff says that "[t]he following defendants failed to act and handle the situation[,]" and proceeds to list most of the Defendants. *Id.* Plaintiff alleges that Defendants' conduct caused him physical pain and "extreme emotional distress and mental anguish." *Id.* at 4.

Plaintiff may proceed on an Eighth Amendment claim against Hoban. For an Eighth Amendment claim of deliberate indifference to a serious medical need, the plaintiff must prove: (1) an objectively serious medical condition; (2) that the defendant knew of the condition and was

deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's allegations, viewed generously, establish each element. First, Plaintiff had a serious condition, namely the potential for injury if he was not allowed to keep his special shoes. Second, Plaintiff related this to Hoban but she took the shoes anyway. Third, the unidentified doctor opined that Hoban's actions caused Plaintiff's later injuries.

Plaintiff has not stated a viable claim against any of the other Defendants. As to the Grievance Defendants, they could only be liable if they entirely ignored Plaintiff's grievance. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005); *see also Figgs v. Dawson*, 829 F.3d 895, 903–04 (7th Cir. 2016). Plaintiff's allegations show that they simply disagreed with his grievance, not that they ignored it. Further, the Grievance Defendants were entitled to rely on the care given to Plaintiff by Hoban and other medical professionals, even if he believes that care was deficient. *Greeno*, 414 F.3d at 655–56.

There are no meaningful allegations as to the remaining Defendants. Most are only mentioned as part of the list of people who "failed to act and handle the situation." As the Court warned Plaintiff in its original screening order, he can only sue a defendant by explaining what that person did and how those actions violated his rights. (Docket #9 at 5); *see Bridges v. Gilbert*, 557 F.3d 541, 545–46 (7th Cir. 2009) ("To satisfy the notice-pleading standard, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis. . . . The complaint must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.") (quotations and citations omitted). Plaintiff's conclusory allegation that

these Defendants "failed to act" is not enough to establish that any constitutional violations occurred. A few of the Defendants listed in the caption of the Amended Complaint, K. Schultz, M. Redd, and A. Hiltanen, are not mentioned anywhere in the body of the pleading. *See generally* (Docket #10). For the same reason, these Defendants must also be dismissed.

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendant Nurse Hoban. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Docket #10) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendants Mark F. Clements, Donna Fontana, Beth Dittmann, Joanne Bovee, Warden Paul Kemper, Captain Chapman, Deputy Warden Johnson, Security Director Aldana, Sgt. Piech, Sgt. Hagerty, Officer Aker, K. Vasquez, K. Schultz, M. Redd, A. Hiltanen, B. LaBelle, B. Hompe, Cathy Jess, and Sgt. M. Green be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's Amended Complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on the remaining Defendant; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the

remaining Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge